08CV5139
JUDGE CONLON
MAGISTRATE JUDGE NOLAN
RCC

# Exhibit A

5

# Exhibit A
# 1

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | SUMMONS |

(Rev. 1/7/05)     CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

**LYDIA ROSSI**, Individually and as Special
Administrator of the Estate of **BONNIE ROSSI**,
Deceased,

        Plaintiff,

        vs.

**SAINT FRANCIS HOSPITAL, et al.,**

        Defendants.

)
)
)
)
)
)
)
)
)
)
)

No.:     08 L 004265

**SHERIFF PLEASE SERVE:**

Access Community Health Network
r/a P. Matthew Glavin
180 N. LaSalle St., Suite 2002
Chicago, IL 60601

## SUMMONS

To each defendant:

    **YOU ARE SUMMONED** and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court at Richard J. Daley Center, 50 W. Washington, Room 801, Chicago, Illinois 60602.

    You must file within 30 days after service of this summons, not counting the day of service. **IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

    This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

| | | |
|---|---|---|
| Atty. No.: | 24797 | WITNESS,     APR 22 |
| Name: | KJS | |
| Atty. for: | Plaintiff | |
| Address: | 60 W. Randolph St., 4th Floor | |
| City/State/Zip: | Chicago, IL 60601 | |
| Telephone: | (312) 782-2525 | |

Clerk of Court

Date of service: DOROTHY BROWN
(To be inserted by officer on copy left with
defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

2120 - Served
2220 - Not Served
2320 - Served By Mail
2420 - Served By Publication

2121 - Served
2221 - Not Served
2321 - Served By Mail
2421 - Served By Publication

SUMMONS

SUMMONS

(Rev. 1/7/05)     CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

**LYDIA ROSSI**, Individually and as Special
Administrator of the Estate of **BONNIE ROSSI**,
Deceased,

        Plaintiff,

vs.

**SAINT FRANCIS HOSPITAL, et al.,**

        Defendants.

)
)
)
)
)
)
)
)
)
)
)

No.:   08 L 004265

**SHERIFF PLEASE SERVE:**

Access Community Health Network
r/a P. Matthew Glavin
180 N. LaSalle St., Suite 2002
Chicago, IL 60601

## SUMMONS

To each defendant:

    **YOU ARE SUMMONED** and required to file an answer to the complaint in this case, a copy of
which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the
Clerk of this Court at Richard J. Daley Center, 50 W. Washington, Room 801, Chicago, Illinois 60602.

    You must file within 30 days after service of this summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU
FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

    This summons must be returned by the officer or other person to whom it was given for service,
with endorsement of service and fees, if any, immediately after service. If service cannot be made, this
summons shall be returned so endorsed. This summons may not be served later than 30 days after its
date.

Atty. No.:     24797
Name:        KJS
Atty. for:     Plaintiff
Address:     60 W. Randolph St., 4th Floor
City/State/Zip: Chicago, IL  60601
Telephone:   (312) 782-2525

WITNESS, _____

_____
                        Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with
defendant or other person)

    Service by Facsimile Transmission will be accepted at: _____
**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

STATE OF ILLINOIS )
)
COUNTY OF COOK )

FIRM ID: 24797

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

LYDIA ROSSI, Individually and as Special
Administrator of the Estate of **BONNIE ROSSI**,
Deceased,

          Plaintiff,

     vs.

SAINT FRANCIS HOSPITAL, RESURRECTION
HEALTH CARE, TERESA KURIAN, R.N.,
CALIFORNIA DEVON MEDICAL CENTER,
S.C., ALEXANDRA LINCHEVSKAYA, M.D.,
BRADLEY GORDON, M.D., DENNIS O'BRIEN,
M.D., INFINITY HEALTHCARE, INC.,
XIMENA LLOBET, M.D., RESURRECTION
HOME HEALTH SERVICES d/b/a
RESURRECTION HEALTH CARE HOME
HEALTH SERVICES, COLLEEN KELLEY, R.N.,
ACCESS COMMUNITY HEALTH NETWORK
d/b/a EVANSTON-ROGERS PARK FAMILY
HEALTH CENTER, EVANSTON-ROGERS
PARK FAMILY HEALTH CENTER, SINAI
MEDICAL GROUP, LTD., and SERAFIN
VERAMENDI, M.D.,

          Defendants.

)
)
)
)
)
)
)
) No.:
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

2008L004245
CALENDAR/W0
TIME 00:00
Medical Mal>

## COMPLAINT AT LAW

## COUNT I – SAINT FRANCIS HOSPITAL

(Wrongful Death)

**NOW COMES** the Plaintiff, **LYDIA ROSSI**, Individually and as Special
Administrator of the Estate of **BONNIE ROSSI**, deceased, by and through her
attorneys, **KRALOVEC, JAMBOIS & SCHWARTZ**, and complaining of the

Defendant, **SAINT FRANCIS HOSPITAL** (hereinafter "**SAINT FRANCIS HOSPITAL**"), states as follows:

1. That on, prior, and subsequent to April 18, 2006, and at all times relevant hereto, the Defendant, **SAINT FRANCIS HOSPITAL**, by and through its agents, servants, and/or employees, whether actual or apparent, including, but not limited to, **TERESA KURIAN, R.N., ALEXANDRA LINCHEVSKAYA, M.D., BRADLEY GORDON, M.D., DENNIS O'BRIEN, M.D.,** and **XIMENA LLOBET, M.D.,** was an Illinois corporation operating a healthcare facility located in the County of Cook, State of Illinois, offering healthcare services to the public and to the decedent, **BONNIE ROSSI**, and employing various physicians, nurses, and other healthcare professionals in the provision of such services.

2. That on, prior, and subsequent to April 18, 2006, the decedent, **BONNIE ROSSI**, was a patient of the facility owned, operated, managed, maintained, and controlled by the Defendant, **SAINT FRANCIS HOSPITAL**, which by and through its agents, servants, and/or employees, whether actual or apparent, including, but not limited to, **TERESA KURIAN, R.N., ALEXANDRA LINCHEVSKAYA, M.D., BRADLEY GORDON, M.D., DENNIS O'BRIEN, M.D.,** and **XIMENA LLOBET, M.D.,** had accepted the decedent, **BONNIE ROSSI**, as a patient and undertook to provide healthcare treatment to the decedent.

3. That on, prior, and subsequent to April 18, 2006, and at all times relevant hereto, there existed a duty on the part of the Defendant, **SAINT FRANCIS HOSPITAL**, by and through its agents, servants, and/or employees,

and/or employees, whether actual or apparent, including, but not limited to, **TERESA KURIAN, R.N., ALEXANDRA LINCHEVSKAYA, M.D., BRADLEY GORDON, M.D., DENNIS O'BRIEN, M.D.,** and **XIMENA LLOBET, M.D.,** the decedent, **BONNIE ROSSI,** sustained serious and permanent injuries which ultimately led to her untimely death on May 3, 2006.

6.     That the Circuit Court of Cook County, Illinois, County Department, Law Division, has entered an Order appointing **LYDIA ROSSI** as Special Administrator of the Estate of **BONNIE ROSSI,** deceased, evidencing her right and standing to sue.

7.     That the decedent, **BONNIE ROSSI,** has left surviving her next-of-kin, to wit, **LYDIA ROSSI,** her daughter and PAUL HENRY SEIBERT, her son, who have suffered severe and permanent damages, including, but not limited to, loss of service, companionship, and society as a result of the premature death of **BONNIE ROSSI.**

8.     That the Plaintiff brings this action in Count I under 740 ILCS 180/01 *et. seq.* commonly known as the Wrongful Death Act of Illinois.

9.     **WHEREFORE,** the Plaintiff, **LYDIA ROSSI,** Individually and as Special Administrator of the Estate of **BONNIE ROSSI,** deceased, prays for judgment against the Defendant, **SAINT FRANCIS HOSPITAL,** in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses, and damages as herein above alleged.

## COUNT II - SAINT FRANCIS HOSPITAL

(Survival)

4

NOW COMES the Plaintiff, **LYDIA ROSSI**, as Special Administrator of the Estate of **BONNIE ROSSI**, deceased, by and through her attorneys, **KRALOVEC, JAMBOIS & SCHWARTZ**, and complaining of the Defendant, **SAINT FRANCIS HOSPITAL**, states as follows:

1-6.　　That the Plaintiff hereby re-alleges and incorporates paragraphs 1 through 6 of Count I as and for paragraphs 1 through 6 of this Count II as though fully set forth herein.

7.　　That as a direct and proximate result of one or more of the foregoing and careless and negligent acts and/or omissions on the part of the Defendant, **SAINT FRANCIS HOSPITAL**, by and through its agents, servants, and/or employees, whether actual or apparent, including, but not limited to, **TERESA KURIAN, R.N., ALEXANDRA LINCHEVSKAYA, M.D., BRADLEY GORDON, M.D., DENNIS O'BRIEN, M.D.,** and **XIMENA LLOBET, M.D.,** the decedent, **BONNIE ROSSI**, was injured and suffered damages of a personal and pecuniary nature, including pain and suffering, prior to her death, damages for which had she survived she would have been entitled to maintain an action; and such an action has survived her and accrued to the benefit of her heirs at law, to wit, **LYDIA ROSSI**, her daughter and PAUL HENRY SEIBERT, her son.

WHEREFORE, the Plaintiff, **LYDIA ROSSI**, as Special Administrator of the Estate of **BONNIE ROSSI**, deceased, prays for judgment against the Defendant, **SAINT FRANCIS HOSPITAL**, in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses, and damages as hereinabove alleged.

## COUNT III - SAINT FRANCIS HOSPITAL

(Funeral, Burial and Medical Expenses)

NOW COMES the Plaintiff, **LYDIA ROSSI**, Individually and as Special Administrator of the Estate of **BONNIE ROSSI**, deceased, by and through her attorneys, **KRALOVEC, JAMBOIS & SCHWARTZ**, and complaining of the Defendant, **SAINT FRANCIS HOSPITAL**, states as follows:

1-6.    That the Plaintiff hereby re-alleges and incorporates paragraphs 1 through 6 of Count I as and for paragraphs 1 through 6 of this Count III as though fully set forth herein.

7.    That as a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions on the part of the Defendant, **SAINT FRANCIS HOSPITAL,** by and through its agents, servants and/or employees, whether actual or apparent, including, but not limited to, **TERESA KURIAN, R.N., ALEXANDRA LINCHEVSKAYA, M.D., BRADLEY GORDON, M.D., DENNIS O'BRIEN, M.D.,** and **XIMENA LLOBET, M.D.,** the Plaintiff, **LYDIA ROSSI**, became liable for the funeral, burial, and medical expenses of the decedent, **BONNIE ROSSI**, which were incurred by the Estate of **BONNIE ROSSI**.

WHEREFORE, the Plaintiff, **LYDIA ROSSI**, Individually and as Special Administrator of the Estate of **BONNIE ROSSI**, deceased, prays for judgment against the Defendant, **SAINT FRANCIS HOSPITAL,** in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses, and damages as hereinabove alleged.

6

## COUNT IV – RESURRECTION HEALTH CARE

(Wrongful Death)

**NOW COMES** the Plaintiff, **LYDIA ROSSI**, Individually and as Special Administrator of the Estate of **BONNIE ROSSI**, deceased, by and through her attorneys, **KRALOVEC, JAMBOIS & SCHWARTZ**, and complaining of the Defendant, **RESURRECTION HEALTH CARE**, states as follows:

1.      That on, prior, and subsequent to April 18, 2006, and at all times relevant hereto, the Defendant, **RESURRECTION HEALTH CARE**, by and through its agents, servants, and/or employees, whether actual or apparent, including, but not limited to, **TERESA KURIAN, R.N., ALEXANDRA LINCHEVSKAYA, M.D., BRADLEY GORDON, M.D., DENNIS O'BRIEN, M.D.,** and **XIMENA LLOBET, M.D.,** was an Illinois corporation operating healthcare facilities located in the County of Cook, State of Illinois, offering healthcare services to the public and to the decedent, **BONNIE ROSSI**, and employing various physicians, nurses, and other healthcare professionals in the provision of such services.

2.      That on, prior, and subsequent to April 18, 2006, the decedent, **BONNIE ROSSI**, was a patient of the facility owned, operated, managed, maintained, and controlled by the Defendant, **RESURRECTION HEALTH CARE**, by and through its agents, servants, and/or employees, whether actual or apparent, including, but not limited to, **TERESA KURIAN, R.N., ALEXANDRA LINCHEVSKAYA, M.D., BRADLEY GORDON, M.D., DENNIS O'BRIEN, M.D.,** and **XIMENA LLOBET, M.D.,** which had

7

accepted the decedent, **BONNIE ROSSI**, as a patient and undertook to provide healthcare and treatment to the decedent.

3. That on, prior, and subsequent to April 18, 2006, and at all times relevant hereto, there existed a duty on the part of the Defendant, **RESURRECTION HEALTH CARE**, by and through its agents, servants, and/or employees, whether actual or apparent, including, but not limited to, **TERESA KURIAN, R.N., ALEXANDRA LINCHEVSKAYA, M.D., BRADLEY GORDON, M.D., DENNIS O'BRIEN, M.D.,** and **XIMENA LLOBET, M.D.,** to possess and apply the skill and knowledge of a reasonably well-qualified healthcare staff and to treat the decedent, **BONNIE ROSSI**, in a manner which equaled or exceeded the applicable standard of care.

4. That disregarding its duties, the Defendant, **RESURRECTION HEALTH CARE**, by and through its agents, servants, and/or employees, whether actual or apparent, including, but not limited to, **TERESA KURIAN, R.N., ALEXANDRA LINCHEVSKAYA, M.D., BRADLEY GORDON, M.D., DENNIS O'BRIEN, M.D.,** and **XIMENA LLOBET, M.D.,** was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

     a. Improperly discharged the patient in an unstable condition;

     b. Failed to timely diagnose and treat the patient's infectious process;

     c. Failed to timely institute the proper antibiotic therapy;

     d. Failed to timely follow up and check blood cultures;

     e. Failed to timely remove heparin lock; and

8

f.    Failed to timely monitor and document the patient's status, progress, and treatment.

5.    That as a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions on the part of the Defendant, **RESURRECTION HEALTH CARE**, by and through its agents, servants, and/or employees, whether actual or apparent, including, but not limited to, **TERESA KURIAN, R.N., ALEXANDRA LINCHEVSKAYA, M.D., BRADLEY GORDON, M.D., DENNIS O'BRIEN, M.D.,** and **XIMENA LLOBET, M.D.,** the decedent, **BONNIE ROSSI**, sustained serious and permanent injuries which ultimately led to her untimely death on May 3, 2006.

6.    That the Circuit Court of Cook County, Illinois, County Department, Law Division, has entered an Order appointing **LYDIA ROSSI** as Special Administrator of the Estate of **BONNIE ROSSI**, deceased, evidencing her right and standing to sue.

7.    That the decedent, **BONNIE ROSSI**, has left surviving her next-of-kin, to wit, **LYDIA ROSSI**, her daughter and PAUL HENRY SEIBERT, her son, who have suffered severe and permanent damages, including, but not limited to, loss of service, companionship, and society as a result of the premature death of **BONNIE ROSSI**.

8.    That the Plaintiff brings this action in Count IV under 740 ILCS 180/01 et. seq. commonly known as the Wrongful Death Act of Illinois.

9.    **WHEREFORE**, the Plaintiff, **LYDIA ROSSI**, Individually and as Special Administrator of the Estate of **BONNIE ROSSI**, deceased, prays for

judgment against the Defendant, **RESURRECTION HEALTH CARE**, in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses, and damages as herein above alleged.

## COUNT V - RESURRECTION HEALTH CARE

### (Survival)

**NOW COMES** the Plaintiff, **LYDIA ROSSI**, as Special Administrator of the Estate of **BONNIE ROSSI**, deceased, by and through her attorneys, **KRALOVEC, JAMBOIS & SCHWARTZ**, and complaining of the Defendant, **RESURRECTION HEALTH CARE**, states as follows:

1-6. That the Plaintiff hereby re-alleges and incorporates paragraphs 1 through 6 of Count IV as and for paragraphs 1 through 6 of this Count V as though fully set forth herein.

7. That as a direct and proximate result of one or more of the foregoing and careless and negligent acts and/or omissions on the part of the Defendant, **RESURRECTION HEALTH CARE**, by and through its agents, servants, and/or employees, whether actual or apparent, including, but not limited to, **TERESA KURIAN, R.N., ALEXANDRA LINCHEVSKAYA, M.D., BRADLEY GORDON, M.D., DENNIS O'BRIEN, M.D.,** and **XIMENA LLOBET, M.D.,** the decedent, **BONNIE ROSSI**, was injured and suffered damages of a personal and pecuniary nature, including pain and suffering, prior to her death, damages for which had she survived she would have been entitled to maintain an action; and such an action has survived her and

10

accrued to the benefit of her heirs at law, to wit, **LYDIA ROSSI**, her daughter and PAUL HENRY SEIBERT, her son.

**WHEREFORE**, the Plaintiff, **LYDIA ROSSI**, as Special Administrator of the Estate of **BONNIE ROSSI**, deceased, prays for judgment against the Defendant, **RESURRECTION HEALTH CARE**, in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses, and damages as hereinabove alleged.

## COUNT VI - RESURRECTION HEALTH CARE

(Funeral, Burial and Medical Expenses)

**NOW COMES** the Plaintiff, **LYDIA ROSSI**, Individually and as Special Administrator of the Estate of **BONNIE ROSSI**, deceased, by and through her attorneys, **KRALOVEC, JAMBOIS & SCHWARTZ**, and complaining of the Defendant, **RESURRECTION HEALTH CARE**, states as follows:

1-6.    That the Plaintiff hereby re-alleges and incorporates paragraphs 1 through 6 of Count IV as and for paragraphs 1 through 6 of this Count VI as though fully set forth herein.

7.    That as a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions on the part of the Defendant, **RESURRECTION HEALTH CARE**, by and through its agents, servants, and/or employees, whether actual or apparent, including, but not limited to, **TERESA KURIAN, R.N., ALEXANDRA LINCHEVSKAYA, M.D., BRADLEY GORDON, M.D., DENNIS O'BRIEN, M.D.,** and **XIMENA LLOBET, M.D.,** the Plaintiff, **LYDIA ROSSI**, became liable for the

11

funeral, burial, and medical expenses of the decedent, **BONNIE ROSSI**, which were incurred by the Estate of **BONNIE ROSSI**.

**WHEREFORE**, the Plaintiff, **LYDIA ROSSI**, Individually and as Special Administrator of the Estate of **BONNIE ROSSI**, deceased, prays for judgment against the Defendant, **RESURRECTION HEALTH CARE**, in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses, and damages as hereinabove alleged.

## COUNT VII – TERESA KURIAN, R.N.

### (Wrongful Death)

**NOW COMES** the Plaintiff, **LYDIA ROSSI**, Individually and as Special Administrator of the Estate of **BONNIE ROSSI**, deceased, by and through her attorneys, **KRALOVEC, JAMBOIS & SCHWARTZ**, and complaining of the Defendant, **TERESA KURIAN, R.N.**, states as follows:

1.     That on, prior, and subsequent to April 18, 2006, and at all times relevant hereto, the Defendant, **TERESA KURIAN, R.N.**, was a registered nurse in the State of Illinois, who practiced her profession at various healthcare facilities and institutions in the County of Cook, State of Illinois.

2.     That on, prior, and subsequent to April 18, 2006, and at all times relevant hereto, the Defendant, **TERESA KURIAN, R.N.**, offered nursing care and professional services related thereto to the public and to the decedent, **BONNIE ROSSI**.

3.     That on, prior, and subsequent to April 18, 2006, and at all times relevant hereto, the Defendant, **TERESA KURIAN, R.N.**, was an agent and/or

12

employee, whether actual or apparent, of Defendant(s), **SAINT FRANCIS HOSPITAL** and/or **RESURRECTION HEALTH CARE**, and at all times relevant hereto, acted within the scope of that employment.

4. That on, prior, and subsequent to April 18, 2006, the Defendant, **TERESA KURIAN, R.N.**, accepted the decedent, **BONNIE ROSSI**, as a patient and undertook to provide nursing care and professional services to **BONNIE ROSSI**, deceased.

5. That at all times relevant hereto, there existed a duty on the part of the Defendant, **TERESA KURIAN, R.N.**, to possess and apply the skill and knowledge of a reasonably well-qualified registered nurse and to provide treatment to the decedent, **BONNIE ROSSI**, in a manner which equaled or exceeded the applicable standard of care.

6. That in disregarding her duty, the Defendant, **TERESA KURIAN, R.N.**, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

   a. Failed to timely remove heparin lock; and

   b. Failed to timely monitor and document the patient's status, progress, and treatment.

7. That as a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions on the part of the Defendant, **TERESA KURIAN, R.N.**, the decedent, **BONNIE ROSSI**, sustained serious and permanent injuries which ultimately led to her untimely death on May 3, 2006.

13

8.     That the Circuit Court of Cook County, Illinois, County Department, Law Division, has entered an Order appointing **LYDIA ROSSI** as Special Administrator of the Estate of **BONNIE ROSSI**, deceased, evidencing her right and standing to sue.

9.     That the decedent, **BONNIE ROSSI**, has left surviving her next-of-kin, to wit, **LYDIA ROSSI**, her daughter and PAUL HENRY SEIBERT, her son, who have suffered severe and permanent damages, including, but not limited to, loss of service, companionship, and society as a result of the premature death of **BONNIE ROSSI**.

10.     That the Plaintiff brings this action in Count VII under 740 ILCS 180/01 *et. seq.* commonly known as the Wrongful Death Act of Illinois.

**WHEREFORE**, the Plaintiff, **LYDIA ROSSI**, Individually and as Special Administrator of the Estate of **BONNIE ROSSI**, deceased, prays for judgment against the Defendant, **TERESA KURIAN, R.N.**, in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses, and damages as herein above alleged.

## COUNT VIII – TERESA KURIAN, R.N.

(Survival)

**NOW COMES** the Plaintiff, **LYDIA ROSSI**, as Special Administrator of the Estate of **BONNIE ROSSI**, deceased, by and through her attorneys, **KRALOVEC, JAMBOIS & SCHWARTZ**, and complaining of the Defendant, **TERESA KURIAN, R.N.**, states as follows:

1-8.    That the Plaintiff hereby re-alleges and incorporates paragraphs 1 through 8 of Count VII as and for paragraphs 1 through 8 of this Count VIII as though fully set forth herein.

9.    That as a direct and proximate result of one or more of the foregoing and careless and negligent acts and/or omissions on the part of the Defendant, **TERESA KURIAN, R.N.**, the decedent, **BONNIE ROSSI**, was injured and suffered damages of a personal and pecuniary nature, including pain and suffering, prior to her death, damages for which had she survived she would have been entitled to maintain an action; and such an action has survived her and accrued to the benefit of her heirs at law, to wit, **LYDIA ROSSI**, her daughter and PAUL HENRY SEIBERT, her son.

**WHEREFORE**, the Plaintiff, **LYDIA ROSSI**, as Special Administrator of the Estate of **BONNIE ROSSI**, deceased, prays for judgment against the Defendant, **TERESA KURIAN, R.N.**, in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses, and damages as hereinabove alleged.

### COUNT IX – TERESA KURIAN, R.N.

(Funeral, Burial and Medical Expenses)

**NOW COMES** the Plaintiff, **LYDIA ROSSI**, Individually and as Special Administrator of the Estate of **BONNIE ROSSI**, deceased, by and through her attorneys, **KRALOVEC, JAMBOIS & SCHWARTZ**, and complaining of the Defendant, **TERESA KURIAN, R.N.**, states as follows:

15

1-8.     That the Plaintiff hereby re-alleges and incorporates paragraphs 1 through 8 of Count VII as and for paragraphs 1 through 8 of this Count IX as though fully set forth herein.

9.     That as a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions on the part of the Defendant, **TERESA KURIAN, R.N.,** the Plaintiff, **LYDIA ROSSI,** became liable for the funeral, burial, and medical expenses of the decedent, **BONNIE ROSSI,** which were incurred by the Estate of **BONNIE ROSSI.**

**WHEREFORE,** the Plaintiff, **LYDIA ROSSI,** Individually and as Special Administrator of the Estate of **BONNIE ROSSI,** deceased, prays for judgment against the Defendant, **TERESA KURIAN, R.N.,** in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses, and damages as hereinabove alleged.

## COUNT X – CALIFORNIA DEVON MEDICAL CENTER, S.C.

(Wrongful Death)

**NOW COMES** the Plaintiff, **LYDIA ROSSI,** Individually and as Special Administrator of the Estate of **BONNIE ROSSI,** deceased, by and through her attorneys, **KRALOVEC, JAMBOIS & SCHWARTZ,** and complaining of the Defendant, **CALIFORNIA DEVON MEDICAL CENTER, S.C.** (hereinafter "**CALIFORNIA**"), states as follows:

1.     That on, prior, and subsequent to April 18, 2006, and at all times relevant hereto, the Defendant, **CALIFORNIA,** by and through its agents, servants, and/or employees, whether actual or apparent, including, but not limited to, **ALEXANDRA LINCHEVSKAYA, M.D.,** was an Illinois

16

corporation operating healthcare facilities located in the County of Cook, State of Illinois, offering healthcare services to the public and to the decedent, **BONNIE ROSSI**, and employing various physicians, nurses, and other healthcare professionals in the provision of such services.

2.     That on, prior, and subsequent to April 18, 2006, the decedent, **BONNIE ROSSI**, was a patient of the facility owned, operated, managed, maintained, and controlled by the Defendant, **CALIFORNIA**, by and through its agents, servants, and/or employees, whether actual or apparent, including, but not limited to, **ALEXANDRA LINCHEVSKAYA, M.D.,** which had accepted the decedent, **BONNIE ROSSI**, as a patient and undertook to provide healthcare and treatment to the decedent.

3.     That on, prior, and subsequent to April 18, 2006, and at all times relevant hereto, there existed a duty on the part of the Defendant, **CALIFORNIA**, by and through its agents, servants, and/or employees, whether actual or apparent, including, but not limited to, **ALEXANDRA LINCHEVSKAYA, M.D.,** to possess and apply the skill and knowledge of a reasonably well-qualified healthcare staff and to treat the decedent, **BONNIE ROSSI**, in a manner which equaled or exceeded the applicable standard of care.

4.     That disregarding its duties, the Defendant, **CALIFORNIA**, by and through its agents, servants, and/or employees, whether actual or apparent, including, but not limited to, **ALEXANDRA LINCHEVSKAYA, M.D.,** was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

a.     Improperly discharged the patient in an unstable condition;

17